# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. 2:09CR00017 |
| v. ) | **OPINION AND ORDER** |
| ) | |
| JOHN JOEL FOSTER, ) | By: James P. Jones |
| ) | United States District Judge |
| Defendant. ) | |

*Ashley B. Neese, Assistant United States Attorney, Roanoke, Virginia, for United States; Nancy C. Dickenson, Assistant Federal Public Defender, Abingdon, Virginia, for Defendant.*

Defendant John Joel Foster has moved to stay his resentencing after the government's successful appeal of his initial sentence to the court of appeals. Under the circumstances of this case, I do not find it appropriate to grant such a stay.

On November 30, 2011, a panel of the court of appeals, voting two to one, issued an opinion overturning this court's conclusion that the government had failed to meet its burden to establish that the defendant qualified for an enhanced sentence under the Armed Career Criminal Act ("ACCA"). *United States v. Foster*, 662 F.3d 291, 297 (4th Cir. 2011). The panel opinion vacated Foster's 27-month sentence and remanded the case to this court for resentencing under the ACCA, which will require the imposition of the statutory mandatory 15-year

sentence. *See* 18 U.S.C.A. § 924(e)(1) (West 2000 & Supp. 2011). Foster petitioned the court of appeals for rehearing en banc and the court stayed its mandate pending resolution of that request. On March 6, 2012, the court denied Foster's request for rehearing en banc in a published order, with the circuit judges evenly divided, seven to seven. *United States v. Foster*, No. 10-5028, 2012 WL 699530 (4th Cir. Mar. 6, 2012). The court issued its formal mandate on March 14, 2012, directing that its judgment take effect that day. Foster now asks this court to stay his resentencing because he plans to file a petition in the Supreme Court for a writ of certiorari. The government has filed its opposition. Under his original sentence, Foster would be scheduled to be released from prison on November 14, 2012.

Although the opinion of the court of appeals did not expressly provide that Foster's resentencing must take place within a certain period of time or otherwise without delay, I believe that staying Foster's resentencing for the length of time necessarily involved in the filing and consideration of a petition for certiorari would violate the spirit of the appellate court's mandate. *See United States v. Bell,* 5 F.3d 64, 66 (4th Cir. 1993) ("[A] district court must, except in rare circumstances, implement both the letter and spirit of the . . . mandate, taking into account [the] opinion and the circumstances it embraces.") (internal quotation marks and citation omitted.)

There is authority that only the court of appeals or the Supreme Court (or a judge or justice thereof), acting pursuant to 28 U.S.C.A. § 2101(f) (West 2006), Supreme Court Rule 23, or Federal Rule of Appellate Procedure 41(d)(2), has the power to grant a stay in order to allow a party to obtain a writ of certiorari. *See United States v. Lentz*, 352 F. Supp. 2d 718, 725-26 (E.D. Va. 2005) (citing cases). Even assuming that this court has such power, however, I do not think its exercise here would be appropriate. *See United States v. Evans*, Nos. 1:02CR000136, 1:04MJ00014, 2006 WL 2872723, at *1 (W.D. Va. Oct. 9, 2006).[1]

For the reasons stated, it is **ORDERED** that defendant's Motion to Stay Resentencing (ECF No. 79) is DENIED.

ENTER: April 16, 2012

/s/ James P. Jones
United States District Judge

---

[1] Foster did not seek a stay from the court of appeals of the issuance of the mandate pursuant to Federal Rule of Appellate Procedure 41(d)(2). Now that the mandate has issued, it is possible that Foster may petition the court of appeals to recall its mandate. *See Alphin v. Henson*, 552 F.2d 1033, 1035 (4th Cir. 1977) (noting that in order to avoid injustice, the court of appeals may recall its mandate).

-3-