# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## BIG STONE GAP DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | )<br>)<br>) Case No. 2:09CR00017<br>) |
| v. | ) **OPINION**<br>) |
| **JOHN JOEL FOSTER,** | ) By: James P. Jones<br>) United States District Judge |
| Defendant. | ) |

*Jean B. Hudson, Assistant United States Attorney, Charlottesville, Virginia, and Jennifer R. Bockhorst, Assistant United States Attorney, Abingdon, Virginia, for United States; Nancy C. Dickenson, Assistant Federal Public Defender, Abingdon, Virginia, and Christine Madeleine Lee, Assistant Federal Public Defender for Appellate Litigation, Roanoke, Virginia, for Defendant.*

The defendant, John Joel Foster, has filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, challenging his 180-month sentence imposed by this court under the Armed Career Criminal Act. His motion is based upon the holding of the Supreme Court in *Johnson v. United States*, 135 S. Ct. 2551 (2015). The United States has filed a Motion to Dismiss and the issues have been fully briefed and orally argued. After reviewing the record and considering the arguments of the parties, I will deny the United States' Motion to Dismiss and grant the Motion to Vacate, Set Aside, or Correct Sentence.

On November 3, 2009, Foster was charged by a grand jury of this court in a one-count Indictment alleging that Foster had possessed a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1), and that he was subject to an enhanced sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). The facts showed that after Foster had been stopped for speeding, a bolt-action hunting rifle had been found by the police in Foster's truck. Foster, then 39 years old, had been convicted of three felonies when he was 19, after he and two other individuals had broken into three separate local businesses at night and had stolen cash, cigarettes and beer, among other things.[1] Foster admitted his guilt and was placed on probation for those crimes and thereafter had no other serious criminal history. Foster had a family and a regular work history.

Foster pleaded not guilty to the federal charge and proceeded to a jury trial that took place on March 4, 2010. The jury found Foster guilty as charged.

Foster's Presentence Investigation Report ("PSR") indicated he was subject to a 15-year mandatory minimum sentence pursuant to the ACCA. The predicate offenses, as outlined in the PSR, were the three prior Virginia burglary convictions 20 years earlier. At the sentencing hearing on July 26, 2010, Foster objected to his classification as an armed career criminal. Foster argued that the government had

---

[1] In this youthful crime spree, Foster had also stolen property not connected with any of the burglaries, including three cows and three CB radios, for which he was also convicted of larceny. Simple larceny, of course, is not an ACCA predicate.

failed to present sufficient evidence using the modified categorical approach to show that the three businesses burglarized were within buildings or structures, a requirement for a predicate burglary under the ACCA. Following argument, I agreed that the government had failed to show that Foster's burglaries of the Sunrise-Sunset Restaurant and the Corner Market were of buildings or structures, in the absence of any indication in the charging documents that the businesses were conducted in buildings or structures. *United States v. Foster*, 732 F. Supp. 2d 649, 652-53 (W.D. Va. 2010). However, I concluded that Foster's conviction for a third burglary, involving a blacksmith business, met the requirements for a predicate offense, based on the word "shop" used in the indictment for that charge. *Id.* at 652. On August 31, 2010, I sentenced Foster to 27 months in prison.

The government appealed the sentence to the United States Court of Appeals for the Fourth Circuit. A majority of a panel of the court of appeals ruled that Foster's convictions of the burglaries of the Sunrise-Sunset Restaurant and the Corner Market did qualify as predicate offenses and thus it vacated Foster's sentence and remanded for resentencing under the ACCA. *United States v. Foster,* 662 F.3d 291 (4th Cir. 2011). Foster requested a rehearing en banc, which the court of appeals denied on a seven-to-seven tie vote. *United States v. Foster*, 674 F.3d 391 (4th Cir. 2012). The Supreme Court denied certiorari. *Foster v. United States*, 133 S. Ct. 207 (2012).

On remand, I resentenced Foster to the required 180 months of imprisonment under the ACCA. Foster appealed his sentence to the Fourth Circuit, again arguing that his prior convictions were not predicates for the purposes of the ACCA. The Fourth Circuit affirmed. *United States v. Foster*, 526 F. App'x 268, 270 (4th Cir. 2013) (unpublished). Thereafter, Foster filed a § 2255 motion attacking his conviction and sentence on various grounds, including ineffective assistance of counsel. The motion was denied. *United States v. Foster,* No. 2:09CR00017, 2015 WL 2238924 (W.D. Va. May 12, 2015).

On June 24, 2016, the court of appeals granted leave to Foster to file a successive § 2255 motion, finding that he had made a prima facie showing that the new rule of constitutional law announced in *Johnson*, held to be retroactively to cases on collateral review by *Welsh v. United States*, 136 S. Ct. 1257 (2016), may apply to his case. Order, No. 16-9126 (4th Cir. June 24, 2016), ECF No. 148. The present § 2255 motion was filed that same day in this court.

Foster contends that the Supreme Court's decision in *Johnson,* involving the residual clause of the ACCA, applies to invalidate his sentence. Prior to *Johnson,* the term "violent felony" was defined in the ACCA as

> any crime punishable by imprisonment for a term exceeding one year . . . that —
>
> > (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B). The first clause is referred to as the "force clause." The first portion of the second clause is known as the "enumerated crime clause." The second portion of that clause ("or otherwise involves conduct that presents a serious potential risk of physical injury to another") is called the "residual clause" and was found to be unconstitutionally vague by *Johnson* as used in the ACCA. The force and enumerated crime clauses were expressly untouched by *Johnson*.[2]

In its Motion to Dismiss, the United States makes the following arguments in opposition to Foster's § 2255 motion.

The United States argues that Foster's burglaries are proper predicates under the enumerated crimes of the ACCA. However, a similar argument has recently been rejected by the court of appeals in *Castendet-Lewis v. Sessions*, 855 F.3d 253, 264 (4th Cir. 2017), holding that in light of *Mathis v. United States,* 136 S. Ct. 2243 (2016), the Virginia burglary statute falls outside the scope of a generic burglary. In Foster's own direct appeal, the Fourth Circuit held that it was a so-called divisible statute, such that the modified categorical method — the consideration of approved court documents — could be used to qualify a Virginia

---

[2] "Today's decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." *Johnson*, 135 S. Ct. at 2563.

burglary conviction as an ACCA predicate. *Foster*, 662 F.3d at 293. But in *Castendet-Lewis,* it was held that the *Foster* decision in this regard "does not survive the Supreme Court's decision in *Mathis.*" 855 F.3d at 263.

The United States also contends that *Johnson* does not apply to Foster because he was not sentenced as an armed career criminal based upon the residual clause of the ACCA, but rather under the enumerated crime clause. However, the Fourth Circuit's recent decision in *United States v. Winston*, 850 F.3d 677 (4th Cir. 2017), resolves that argument. There the court of appeals held that a § 2255 movant did not have to prove that his ACCA status was determined by the use of the residual clause, so long as it "may have been predicated on application of the now-void residual clause." *Id.* at 682. In Foster's case, the residual clause <u>may</u> have been used by the prosecution to establish his status, although it was not. In *Taylor v. United States*, the Supreme Court noted that its generic burglary definition was not the only means of a burglary satisfying the ACCA, specifically referring to the residual clause. 495 U.S. 575, 600 n.9 (1990); *see also United States v. Palmer*, 871 F.2d 1202, 1209 (3d Cir. 1989) (holding that burglary of a commercial building may constitute a predicate offense under the ACCA's residual clause).

The *Winston* decision also forecloses the government's arguments that his § 2255 motion is barred by the statute of limitations or procedural default. Because,

under *Winston*, Foster's sentence may have been predicated on the residual clause, he has shown that he is relying on a new retroactive rule of constitutional law. Thus, his motion was timely under § 2255(f)(3), since he filed it within one year of the decision in *Johnson*. Similarly, post-conviction relief is available to Foster, even though he did not raise the constitutionality of the ACCA's residual clause in his direct appeal. *See Winston,* 850 F.3d at 681-83. Moreover, a defendant can show cause to overcome such any such default where the claim is "so novel that its legal basis [was] not reasonably available to counsel." *Bousley v. United States*, 523 U.S. 614, 622 (1998) (internal quotation marks and citation omitted). That is certain the case here. *See United States v. Dooley*, No. 7:13CR00036, 2017 WL 134163, at *4-5 (W.D. Va. Jan. 12, 2017). Moreover, Foster has shown prejudice, since the ACCA subjected him to a 15-year sentence, when otherwise his maximum sentence would have been 10 years. 18 U.S.C. § 924(a)(2).

For these reasons, I will deny the United States' Motion to Dismiss and grant the Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. A separate order will be entered vacating the defendant's sentence subject to resentencing.

DATED: June 19, 2017

/s/ James P. Jones
United States District Judge